IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Antonio Castro,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Philip Crawford,<br><br>　　　　Respondent. | No. CV 06-1522-PHX-ROS<br><br>**ORDER** |

Petitioner Ronald Antonio Castro filed a Petition for Writ of Habeas Corpus, arguing that his detention for two years and seven months while his removal proceedings have been pending is unlawful. (Doc. 1). This matter was referred to Magistrate Judge Hector C. Estrada, who issued a Report and Recommendation ("R&R") recommending that the Court grant the Petition and order Respondent to provide a hearing to Petitioner within 60 days before an Immigration Judge with the power to grant him bail unless Respondent establishes that he is a flight risk or will be a danger to the community. (Doc. 22). Respondent filed Objections to the R&R, (Doc. 24), to which Petitioner responded (Doc. 25). For the reasons stated herein, the Court will adopt the Magistrate Judge's R&R.

**STANDARD OF REVIEW**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because objections were made, the Court reviews the magistrate judge's findings and recommendations *de novo*.

1  28 U.S.C. § 636(b)(1)(C); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)
2  (*en banc*).

## DISCUSSION

Relying primarily upon Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005), the Magistrate Judge found that Petitioner's detention for two years and seven months and counting under 8 U.S.C. § 1226(c) not authorized by law. In Tijani, the alien was "deprived of his liberty by the government for a period of over two years and eight months." Id. at 1242. To avoid the question whether such a lengthy detention was constitutional, the Ninth Circuit interpreted Section 1226(c) as requiring expeditious removal. Id. Because the court determined that nearly three years was not expeditious, it remanded the case to the district court to grant the habeas petition unless the government provided the alien a bail hearing before an Immigration Judge. Id. The period of time at issue here is almost exactly the same length as in Tijani, and thus clearly not expeditious. Therefore, the Court agrees with the Magistrate Judge that Petitioner's continued detention is not authorized by law. See Singh v. Crawford, No. CV 06-2194, 2007 WL 2237637 (D. Ariz. Aug. 3, 2007) (holding that alien's detention for two years and nine months was not authorized by law under Tijani); Ali v. Crawford, No. CV 06-1149, 2007 WL 1670165 (D. Ariz. June 8, 2007) (same for four years).

Having reviewed the record *de novo*, including the Objections filed by Respondent, the Court will adopt the Magistrate Judge's R&R and incorporates the same as part of this Order.

Accordingly,

**IT IS FURTHER ORDERED** the Report and Recommendation (Doc. 22) is **ADOPTED.**

**IT IS FURTHER ORDERED** that Petitioner's Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1) is **GRANTED.**

**IT IS FURTHER ORDERED** that Respondent shall either release Petitioner from custody under an order of supervision, or provide a hearing to Petitioner, within 60 days of

1 | the filing of this Order, before an Immigration Judge with the power to grant him bail unless
2 | Respondent establishes that he is a flight risk or will be a danger to the community.

        DATED this 5th day of October, 2007.

_____
Roslyn O. Silver
United States District Judge

- 3 -